EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
| Rebecca Santiago Méndez | 2000 TSPR 100 |

Número del Caso:     AB-1993-0127
                     AB-1994-0044
                     AB-1997-0037
                     TS-7052

Fecha: 28/JUNIO/2000

Oficina del Procurador General:

            Lcda. Cynthia Iglesias Quiñones
            Procuradora General Auxiliar

Abogado del Querellado:

            Por Derecho Propio


Materia: Conducta Profesional


        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:                          AB-93-127
                                AB-94-44
    Rebecca Santiago Méndez     AB-97-37
                                TS-7052


PER CURIAM


San Juan, Puerto Rico, a 28 de junio de 2000

I

El 19 de mayo de 1995, a raíz de un Informe presentado por la Oficina de Inspección de Notarías (Queja RT 95-3157), suspendimos **temporeramente del ejercicio del notariado a la Lcda. Rebecca Santiago Méndez**. Resuelta esa querella, la Lcda. Santiago Méndez solicitó readmisión, mediante Moción fechada al 25 de agosto de 1995. En esa ocasión, entendimos prudente mantener vigente su suspensión a la luz de dos otras quejas pendientes relacionadas a su práctica notarial (AB-93-127 y AB-94-44) lo cual hicimos constar en nuestra Resolución del 3 de noviembre de 1995.

Subsiguientemente, el 29 de enero de 1996, el Procurador General rindió su informe relativo a dichas quejas. Recomendó la imposición de sanciones disciplinarias y económicas. El 23 de febrero, concedimos término a la Lcda. Santiago Méndez para que compareciera ante el Procurador General a exponer su posición. Como no compareció, dictaminamos mediante Per Curiam del 14 de junio de 1996, que no había cumplido nuestra Resolución y la suspendimos provisionalmente del ejercicio de la abogacía.

Entretanto, mediante comparecencia especial del Juez Superior Hon. Luis A. Ruiz Malavé, Tribunal de Primera Instancia, Sala de Bayamón, fechada 26 de febrero de 1997, fuimos informados de que la Lcda. Santiago Méndez continuaba ejerciendo la profesión de abogada, aun estando suspendida. El 4 de abril referimos la cuestión (queja AB-97-37) al Procurador General.

Tras varios trámites procesales e investigativos, el Procurador rindió su informe el 29 de julio de 1999. Indicó allí que el Ministerio Público no había encontrado razón para encausar penalmente a la Lcda. Santiago Méndez. El 26 de agosto contestó y solicitó reinstalación a la práctica de la abogacía. El 27 de agosto le indicamos que no procedía la misma por no haberse culminado los trámites procesales en torno a la queja AB-97-37 y las AB-94-44 y AB-93-127, que estaban consolidadas. Le ordenamos que notificara a los promoventes de las quejas sus mociones de

reinstalación y cumpliera los demás requisitos reglamentarios.

Finalmente, el 13 de septiembre de 1999, nos sometió Moción de Reconsideración Informativa y Cumplimiento de Orden, exponiendo y documentando el cumplimiento con nuestra Resolución del 27 de agosto. El 10 de mayo sometió Renovación de Petición de Reinstalación al Ejercicio de la Abogacía y al Notariado y Moción Informativa Adicional.

II

El notario puertorriqueño no sólo está obligado por los preceptos de la Ley Notarial, sino también, como abogado, por los Cánones de Ética Profesional. "El incumplimiento con una de estas fuentes de obligaciones y deberes del notario, implica ineludiblemente la acción disciplinaria correspondiente no sólo en la función de éste como notario, sino también como abogado." In re: Capestany Rodríguez, res. el 30 de junio de 1999, 99 TSPR 109. Las faltas en el desempeño profesional de la Lcda. Santiago Méndez, aún cuando emanaban de la práctica notarial, implicaron necesariamente su carácter de abogada, por lo que la suspensión de ambas funciones estaba justificada.

Más grave aún, en cuanto a sus deberes para con el sistema de justicia y este Tribunal en particular, fue la falta de diligencia en comparecer para responder por las faltas que se le imputaban. "Hemos resuelto, en reiteradas ocasiones, que los abogados tienen la ineludible

obligación de responder diligentemente a los requerimientos de este Tribunal y que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. In re: Guemárez Santiago, res. el 30 de junio de 1998, 98 TSPR 102." In re: González Escobar, res. el 25 de junio de 1999, 99 TSPR 120.

III

La conducta desplegada por la Lcda. Santiago Méndez durante el trámite de sus querellas merece la más enérgica censura y conlleva la imposición de severas sanciones disciplinarias. Entendemos, sin embargo, que su suspensión del ejercicio de la notaría por cinco (5) años y de la abogacía por cuatro (4) por razón de desatender nuestros requerimientos es suficientemente aleccionador de la gravedad de su falta. **No corresponde mantenerla suspendida más allá del 30 de junio de 2000.** Procede, sin embargo, la adjudicación final de las quejas pendientes.

En cuanto a la queja AB-97-37, el Informe del Procurador General es claro en que no hubo intención criminal de la querellada de practicar la abogacía. Sin embargo, la falta de intención criminal no exonera el error e inobservancia de la Lcda. Santiago Méndez al radicar un documento a su nombre estando suspendida de la abogacía. En consecuencia, la censuramos por su falta.

Respecto a la queja AB-93-127, una vez otorgada la escritura de Segregación y Cesión requerida por la

Administración de Reglamentos y Permisos para autorizar la lotificación de la finca en controversia estimamos que Santiago Méndez ha cumplido los trámites necesarios para concluir la controversia que originó la queja. Procede ordenar el archivo.

Respecto a la queja AB-94-44, ella ha cumplido los requerimientos que le hiciéramos el 27 de agosto de 1999. Ha demostrado haber subsanado cualquier error, omisión o inadvertencia relacionada con el trámite notarial. Visto el desistimiento del quejoso, mediante declaración jurada del 27 de agosto de 1998, y los trámites correctivos seguidos, ordenamos su archivo.

En cuanto a su suspensión en el foro federal (TS-7052), no nos compete pronunciarnos. Corresponde a la Lcda. Santiago Méndez, en función de los criterios que prevalecen en dicha jurisdicción, llevar a cabo los trámites pertinentes.

Se dictará la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:                                    AB-93-127
                                          AB-94-44
    Rebecca Santiago Méndez                AB-97-37
                                          TS-7052

SENTENCIA

San Juan, Puerto Rico, a 28 de junio de 2000

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se dicta Sentencia censurando enérgicamente a la Lcda. Rebecca Santiago Méndez y como sanciones disciplinarias suficientemente aleccionadoras, en atención a los años transcurridos, se autoriza su reinstalación efectivo el 30 de junio de 2000.

Respecto a la queja AB-97-37, se le censura su conducta.

Las quejas AB-93-127 y AB-94-44, se archivan.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo